CHARLES J. WAGNER, petitioner-respondent,

*v.*

MARY C. WAGNER, defendant-appellant.

[Submitted February 14th, 1947.  Decided May 15th, 1947.]

*Mr. Moe A. Joseph* (*Mr. Bartholomew A. Sheehan*, of counsel), for the appellant.

*Mr. Philip L. Lipman* (*Lawrence N. Park*, of counsel), for the respondent.

The opinion of the court was delivered by

HEHER, J.

There was a *nisi* decree of divorce for adultery in favor of the husband; and the wife appeals.  The wife's counter-claim for divorce on the ground of desertion was abandoned at the hearing.  The question for decision is whether the evidence establishes the charge of adultery; and we find that it does not.

The pertinent proof, in summary, is that on November 30th, 1945, at about 10:30 P. M., the defendant and the co-respondent rode away from an inn and restaurant where they were both employed in the co-respondent's automobile, a Ford coach, to a tavern seven or eight miles distant, near Williamstown, where they were observed conversing and drinking beer; that they emerged shortly after·midnight and drove, again in the co-respondent's automobile, a distance of five or six miles to a secluded place off the Camptown Road about a square and a half from Broadway, the main thoroughfare between Glassboro and Pitman, and there parked the vehicle and extinguished the lights; that twenty minutes later, when members of a pursuing party, including the respondent husband and a private detective, suddenly flashed lights into the vehicle .after a furtive approach, the defendant and the co-respondent were revealed on the rear seat "embracing each other, cheek to cheek," with "their arms around each other;" and that thereupon the co-respondent "jumped" to the driver's seat and made off before the pursuers could photograph them. Both the defendant and the co-respondent took the witness stand and denied the charge of infidelity. We need not recount their version of the occurrence; it suffices to say that their circumstantial account of the happening affords no basis whatever for an inference of adultery.

Adultery is rarely the subject of direct evidence; it is ordinarily provable only by indirect or circumstantial evidence. In the early and oft-cited case of *Berckmans* v. *Berckmans, 17 N. J. Eq. 453,* it was said by this court that, since the prosecution of a petition for divorce for marital infidelity partakes strongly of the nature of a criminal proceeding, it is incumbent on the petitioner to prove the charge beyond a reasonable doubt. More recently, this court declared the measure of proof is whether the circumstances are of such probative quality as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. *Torrens* v. *Torrens, 94 N. J. Eq. 480; Benjamin* v. *Benjamin, 111 N. J. Eq. 400; Bemis* v. *Bemis, 114 N. J. Eq. 53; Danielson* v. *Danielson, 127 N. J. Eq. 41.* It is a corollary of the foregoing that where the circumstances reasonably admit of two

contradictory interpretations, that which is consistent with innocence must be accepted. Doubtful acts are to be resolved in favor of chastity. *Hurtzig* v. *Hurtzig, 44 N. J. Eq. 329;* affirmed, *45 N. J. Eq. 869.* There may be an inference of guilt from proof of mutual disposition and opportunity, but proof of opportunity, without more, is not enough unless attended by circumstances sufficient in themselves to generate the conviction of guilt. Indiscretions giving rise merely to a suspicion of infidelity do not prove the offense.

The inquiry is whether adultery has been substantiated on the occasion charged in the petition and made the subject of proof. Such faithlessness is not reasonably inferable from the circumstances attending the presence of the defendant and the co-respondent in the automobile, as proved. And there is an utter lack of evidence of a mutual adulterous disposition; and so proof of opportunity alone does not suffice to give rise to the inference of guilt. Without evidence of the will to infidelity, mere proof of opportunity has no significance.

The decree is reversed.

*For affirmance*—None.

