Plaintiff appeals from a judgment dismissing her action for divorce on the ground of adultery. The complaint, which was filed after September 15, 1948, charged that the defendant committed acts of adultery with the alleged corespondent on August 27, 1948, and August 30, 1948. The defendant and the alleged corespondent entered denials. *Page 63 
At the trial on May 2, 1949, the attorney for defendant moved for a judgment of dismissal at the close of the plaintiff's case. The Judge reserved decision on this motion and directed defendant's counsel to proceed with his case. The defendant took the stand and after lengthy examination, both direct and cross, the trial day ended. The Judge then stated: "There will be an adjournment of this case until June 30th, with the understanding that the Court will be happy to give you an earlier date if the calendar breaks." On June 10, 1949, the Judge advised counsel that he had concluded to dismiss the complaint, and a judgment of dismissal was signed on that date and filed June 13, 1949.
The plaintiff contends (1) that she was not permitted to fully try her case according to established practice, and (2) that the court erred in dismissing the complaint because the defendant's guilt was amply established.
Rule 3:41-2 provides:
"* * * After the plaintiff has completed the presentation of his evidence * * * the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action * * * on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury, the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule
3:41-2 * * * other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. * * *"
The comment appended to this rule in the tentative draft explains the change intended in equity and probate practice, as follows:
"Under the old equity and probate practice, it was not proper to allow a motion equivalent to a nonsuit at the close of the complainant's or petitioner's case. Thus in Chancery a motion to dismiss made by the defendant at the close of the complainant's case has been held tantamount to a resting by the defendant of his case. Sawyer v. Platt, N.J. Ch., 77 A. 1043; Renner v.Renner, 13 N.J. Misc. 749, 181 A. 191; 30 C.J.S. 972. This practice has been very much criticized. Under the new rule a Judge trying a case without a jury, whether or not the case be of an equitable nature, may entertain a *Page 64 
motion for an involuntary dismissal at the close of the plaintiff's case, or he may decline to render any judgment until the defendant's evidence is in. The defendant under this rule may make a motion to dismiss without waiving his right to offer evidence in the event the motion is not granted; at the same time the rule has the virtue of the old equity practice in that where a court sitting without a jury has had its suspicions aroused, it may refuse to pass upon the motion until the close of the defendant's case."
There could be no question of the power of the Judge, underRule 3:41-2, to grant the motion to dismiss on June 10th, as he did, had it not been for the fact that the defendant had offered evidence on his case before the determination. Plaintiff contends that when the Judge permitted the defendant to offer evidence, the Judge lost all power to grant the motion until the close of all the evidence. She claims that the granting of the motion deprived her of her right to offer testimony in rebuttal to defendant's testimony, and thus deprived her of her right to try her case according to established practice. We find no merit in this contention.
The power granted is that the Judge "may decline to render any judgment until the close of all the evidence" and implicit in this is the power to grant the motion to dismiss at any stage of the case subsequent to the closing of the plaintiff's case and prior to the close of all the evidence, when the circumstances of the particular case clearly warrant such action. Thus, when the motion to dismiss is made at the close of plaintiff's case, the Judge, trying the case without a jury, who is in doubt whether the motion should be granted, may reserve his decision and direct the defendant to proceed with his case and if, upon study, he resolves his doubt, he may grant the motion at any later stage of the case. Cf. Seitz v. Seitz, 1 N.J. Super. 234, 241 (ruling on evidence). To hold otherwise would result in unjustifiable waste of the time of the court, counsel, parties and witnesses in any case in which it is clear that dismissal should be granted. The fact that part of the defendant's case has been put in before the granting of the motion to dismiss, has only this effect — that on the decision of the motion, the plaintiff is entitled not only to the benefit of her proofs, but also to the benefit of any *Page 65 
evidence put in by the defendant which supplies any deficiency in the plaintiff's proofs.
The plaintiff attempted to prove her case by indirect or circumstantial evidence. The measure of the proofs, in such a case, is whether the circumstances are of such probative quality as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. Proof of opportunity alone does not suffice to give rise to the inference of guilt. Without evidence of inclination, mere proof of opportunity has no significance.Wagner v. Wagner, 140 N.J. Eq. 213 (E. A. 1947). Since the plaintiff's proofs, at the close of her case, as to inclination on the part of the defendant, fell far short of the required measure, dismissal then would have been proper. Examination of the evidence put in by the defendant discloses no aid in supplying the deficiency.
The judgment is affirmed without costs.